UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

(Removed from Grand Forks County District Court, ND)

| | | |
|---|---|---|
| William Suda, | ) | Civil No: 2:06-CV-00095 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION TO DISMISS** |
| v. | ) | **FOR FAILURE TO PROSECUTE** |
| | ) | **IN THE NAME OF THE REAL** |
| Weiler Corp., | ) | **PARTY IN INTEREST** |
| | ) | |
| Defendant. | ) | |

## BACKGROUND

Plaintiff claims that defendant negligently designed, manufactured, produced and supplied a broom that plaintiff purchased. (Docket #1). Plaintiff alleges that as an alleged result of defendant's negligence in the design, manufacture, production and supplying of the broom, that metal bristles from the broom came loose causing damage in the sum of $232,802.00. (Docket #1, paragraph III).

Specifically, plaintiff, a potato farmer, alleges that metal fibers from a push broom he owned, that was allegedly manufactured and sold by Weiler, came loose and contaminated potatoes that he had shipped to J.R. Simplot of Grand Forks, North Dakota, for processing, causing Simplot to reject that load of potatoes and other loads that plaintiff had delivered to Simplot. (Exhibit A to Affidavit of Counsel in Support of Motion, Deposition of William Suda dated September 6, 2007, page 13, lines 22-25; page 14; page 15; and page 16, lines 1-4).

After Simplot discovered the metal fibers that were being processed into their potatoes at the Simplot plant, Simplot contacted Suda to quit loading trucks of potatoes for delivery to Simplot. (Exhibit A, Deposition of William Suda dated September 6, 2007, page 66, lines 18-25;

page 67, lines 1-23).  Simplot informed Suda that there was a problem at their plant and that was why he had to quit loading trucks of potatoes for delivery to Simplot (Exhibit A, Deposition of William Suda dated September 6, 2007, page 68, lines 7-15).

Suda then went to the Simplot plant, discussed the matter with the plant manager who told Suda that Simplot found metal in the potatoes, and that some of the loads that were not yet dumped at Simplot were being rejected, some of the production at the Simplot plant had to be set aside and Simplot was dumping and getting rid of other potatoes from Suda that were already in the Simplot plant. (Exhibit A, Deposition of William Suda dated September 6, 2007, page 68, lines 16-25; page 69, lines 1-18).

Thereafter, Suda's plant was inspected and metal fibers were found on the floor of his potato storage warehouse which apparently matched the fibers found in the potatoes that were being processed at the Simplot plant.  (Exhibit A, Deposition of William Suda dated September 6, 2007, page 70, lines 24-25; page 71; page 72; and page 73).

It was at around this point and time that Suda turned this matter over to his insurance company, Nodak Mutual Insurance Company, for them to handle the claim and dispute of Simplot against Suda for the contaminated potatoes. (Exhibit A, Deposition of William Suda dated September 6, 2007, page 76, lines 1-23).

Suda testified in his deposition that his liability insurer, Nodak, settled the claim against him with Simplot, on his (Suda's) behalf because of the fibers found in his potatoes at the Simplot processing plant.  Nodak settled the claim on Suda's behalf, with Simplot, for approximately $232,000.00.  Suda did not pay any of that settlement out of his own pocket.  Nodak paid it all on behalf of Suda.  The same amount that Nodak paid Simplot to settle their claim against Suda, is the same exact amount that Suda is suing Weiler for in this case.  If there

is any recovery in this case by Suda, all of the money would go back to Nodak and none to Suda. (Exhibit A, Deposition of William Suda dated September 6, 2007, page 77, lines 2-25).

Suda testified that he does not have a personal stake in this lawsuit. (Exhibit A, Deposition of William Suda dated September 6, 2007, page 78, lines 1-3).

## ARGUMENT AND AUTHORITY

Rule 17(a) Federal Rules of Civil Procedure provides as follows:

> **(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The Rule provides in part that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest unless a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.

In defendant's answer to plaintiff's complaint dated November 22, 2006, and electronically filed that same day (which constitutes service upon plaintiff's counsel), defendant raised the objection that plaintiff was not the real party in interest in this action and that instead the plaintiff's insurer was. (Docket #3, paragraph 6 thereof).

Additionally, in a letter from defendant's counsel to plaintiff's counsel dated January 11, 2007, defendant, again, objected to the plaintiff bringing this action as he was not the real party

3

in interest, but rather, his insurer, Nodak Mutual was. Defendant again requested that plaintiff amend the caption of the complaint to reflect Nodak Mutual as the proper party plaintiff and if plaintiff would not agree to do so, then a motion would have to be made. (See Exhibit B to Affidavit of Counsel in Support of Motion to Dismiss).

Therefore, almost eleven months have elapsed since defendant asserted the objection in its answer that plaintiff was not the real party in interest in this action and that the real party in interest, namely plaintiff's insurer, Nodak Mutual, must be substituted as the proper party plaintiff in this action. That is a more than reasonable time for plaintiff and his counsel to either have Nodak Mutual ratify this action, join in it or substitute itself as the real party in interest in this action. Despite the passage of that significant amount of time, Nodak Mutual has taken none of these actions.

Accordingly, because of the passage of this significant amount of time since defendant initially raised the objection that plaintiff is not the real party in interest, this action is ripe for dismissal for the grounds that plaintiff is not the real party in interest.

In Newby v. Johnston's Fuel Liners, Inc., 122 N.W.2d 156 (ND 1963), the North Dakota Supreme Court held that the Rule (Rule 17(a) N.D.R.Civ.P.) requiring prosecution of actions in the name of the real party in interest required dismissal of an action by an insured against a defendant for fire damage for which the insurer had paid the insured in full, in the absence of a ratification by the insurer of the action. Id. In Newby, the North Dakota Supreme Court stated that:

> The purpose of the rule requiring that all actions be prosecuted in the name of the real party in interest is to prevent double liability and the vexations of multiple suits.

Id. at 158.

4

Citing a case from the Minnesota Supreme Court, and explaining their (Minnesota) statute which preceded their rule requiring that all actions be prosecuted in the name of the real party in interest, the Court in Newby said:

> The purpose of the statute * * * is to save a defendant against whom a judgment may be obtained from further vexation at the hands of other claimants of the same demand. If a judgment in favor of the plaintiff, when satisfied by defendant, will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner of the claim, then there is an end of defendant's concern, for, so far as he is interested, the action is being prosecuted in the name of the real party in interest. (Internal citation omitted).

Id. at 158.

In the present case, as clearly shown by the above quoted deposition testimony of William Suda, Suda's liability insurer, Nodak Mutual, paid the entire amount of the J.R. Simplot claim against Suda. Suda paid none of the settlement out of his own pocket. Suda also testified that the amount that Nodak paid Simplot to settle Simplot's claim against Suda is the exact same amount that Suda is suing Weiler for in this action. Suda also testified that if there is any recovery in this case against Weiler, all of the money would go back to Nodak and none to Suda. Finally, Suda testified under oath at his deposition that he did not have a personal stake in this lawsuit. (See the above deposition testimony of William Suda, outlined in the "Background" portion of this brief as well as contained in a copy of his deposition which is attached as Exhibit A to the affidavit of the undersigned).

Therefore, it is beyond dispute that Nodak Mutual paid the J.R. Simplot claim in full, on Suda's behalf, and that William Suda has no personal interest or stake in this action. Suda paid no part of the J.R. Simplot settlement. The entire amount that Suda is suing Weiler for in this case is what Nodak Mutual paid Simplot on Suda's behalf and if there is any recovery in this

5

action it would all go back to Nodak Mutual. None would go to Suda as he paid no part of the Simplot claim and has no personal interest or stake in this action.

Therefore, under the decision of the North Dakota Supreme Court in <u>Newby</u>, Nodak Mutual Insurance Company is the real party in interest in this action, and not William Suda.

Accordingly, because Nodak Mutual has not ratified this action of Suda and has not joined in or substituted itself as the real party in interest in this action, despite the fact that defense counsel objected to Suda's bringing this action almost eleven months ago, this Court, under Rule 17(a) F.R.Civ.P. and <u>Newby</u>, must grant defendant's motion and dismiss plaintiff's action as not being prosecuted by the real party in interest.

Finally, Suda may argue that he has an interest in the outcome of this action as it could have an impact on the insurance premiums he pays to Nodak Mutual, which could be adversely affected if he does not recover any damages in this action for which he would reimburse Nodak Mutual. However, as clearly stated in <u>Newby</u>, this is not the type of interest contemplated by Rule 17(a) as that interest would only be indirect and a contingent interest which could not be determined in this lawsuit but rather would depend upon the success or failure of all lawsuits in which the company (Nodak Mutual) was involved and upon many other business factors. <u>Newby</u> at 158.

## **CONCLUSION**

Based upon the above and foregoing argument and authority, defendant respectfully requests that the Court grant its motion and dismiss the plaintiff's complaint and cause of action against it on the grounds that this action is not prosecuted in the name of the real party in interest.

Respectfully submitted this 19th day of October, 2007.

                                                  /s/ Michael J. Morley  
                                                  Michael J. Morley, #03596  
                                                  MORLEY LAW FIRM, LTD.  
                                                  PO Box 14519  
                                                  Grand Forks ND 58208-4519  
                                                  PH: (701) 772-7266  
                                                  Attorneys for Defendant  
                                                  mmorley@morleylawfirm.com