IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| William Suda, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | Civil No. 2:06-cv-95 |
| Weiler Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest filed by Defendant Weiler Corporation (Doc. #10). Plaintiff William Suda has filed a brief in opposition to the motion (Doc. #15).

## **FACTUAL BACKGROUND**

William Suda farms near Grafton, North Dakota. In 2003 and 2004, around the time of the incident giving rise to this action, Suda grew a variety of crops, including potatoes. Suda had a contract to sell his potatoes to J.R. Simplot, Inc. ("Simplot"), a potato processing plant. On about January 16, 2004, Simplot found a metal bristle embedded in one of the potatoes delivered by Suda. Simplot rejected that load of potatoes, as well as about five to eight other loads. Suda claimed the metal bristle came from a push broom manufactured by Weiler Corporation ("Weiler") that he used in the potato warehouse. Simplot made a claim for damages against Suda, which was settled for about $232,000 by Nodak Mutual Insurance Company ("Nodak Mutual"), Suda's liability insurer.

In October 2006, Suda filed the instant action against Weiler in state district court in Grand Forks County, North Dakota. On November 14, 2006, Weiler removed the action to this Court on the basis of diversity jurisdiction. Suda is a citizen of the State of North Dakota. Weiler is a

corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in Cresco, Pennsylvania. Suda's complaint alleges an amount in controversy in excess of $75,000. On the basis of these facts, the Court has diversity jurisdiction over the action.

Suda's complaint sets forth two causes of action against Weiler. In Count One, Suda alleges that Weiler negligently designed or manufactured a broom with metal bristles, which caused him monetary damages. In Count Two, Suda alleges that Weiler negligently failed to inspect the broom and failed to provide adequate warning with respect to its design, manufacture, operation, and maintenance. Suda demands judgment against Weiler in the sum of $232,802.00.

On November 22, 2006, Weiler filed an answer to Suda's complaint. In the answer, Weiler asserts numerous defenses to the action, including that the complaint fails to state a claim upon which relief can be granted, that Suda has failed to join parties necessary for a just adjudication, that Suda was negligent and his claim is barred by comparative fault laws, that any damages were caused by persons other than Weiler, that any claimed injuries were the result of a superseding cause, that Suda has failed to take reasonable steps to mitigate damages, that Suda's complaint is frivolous, meritless, and made in bad faith, that Suda's claims are barred by the statute of limitations, that any warranties made by Weiler have expired, that Suda failed to give timely notice of any breach of warranty, and that Suda's claims are barred by the doctrines of assumption of risk, waiver, estoppel, and laches. Weiler's answer also contains the following statement: "Affirmatively alleges that the plaintiff is not the real party in interest in this action, that plaintiff's insurer is, and therefore the party-plaintiff and the caption of this action must be amended to name the real and proper plaintiff/party-in-interest in this action." Answer ¶ 6.

On January 11, 2007, Weiler's counsel sent a letter to Suda's counsel stating that Nodak Mutual was the real party in interest, not Suda, and requesting that the parties agree to amend the caption to reflect Nodak Mutual as the party plaintiff. Apparently counsel for Suda did not respond to this letter.

On September 6, 2007, as part of the discovery process, counsel for Weiler took a deposition of William Suda. At the deposition, Suda stated that he did not pay any of the insurance settlement with Simplot, and that Nodak Mutual paid the settlement in full. Suda further stated that any recovery in this case would go back to Nodak Mutual, and none would go to him personally.

On October 12, 2007, Weiler filed the instant Motion to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest. In its motion, Weiler argues Suda has no personal stake in this action, and any award of damages would go to Nodak Mutual, Suda's insurance company. Weiler contends it objected to Suda's status as the real party in interest almost eleven months ago, and because Suda has not acted to substitute the proper party during that time, the Court should dismiss the action under Rule 17(a), Fed. R. Civ. P.

In response, Suda claims he believed he had a deductible on his liability insurance policy, even after his deposition on September 6, 2007. Suda states that he even filled out an Errata Sheet to correct his deposition testimony to the contrary, although Weiler apparently has no knowledge of any changes to Suda's deposition testimony. At any rate, Suda now explains he has determined that there is no deductible in his liability insurance policy, and proposes to substitute Nodak Mutual as the named plaintiff.

## DISCUSSION

Rule 17(a), Fed. R. Civ. P., provides that "[a]n action must be prosecuted in the name of the real party in interest." As to joinder of the real party in interest, Rule 17(a) further provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The Advisory Committee Notes to Rule 17 contain an explanation of this joinder provision:

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.
>
> This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed–in both maritime and nonmaritime cases. See Levinson v. Deupree, 345 U.S. 648 (1953); Link Aviation, Inc. v. Downs, 325 F.3d 613 (D.C. Cir. 1963). The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.

Advisory Committee Notes, 1966 Amendment, Fed. R. Civ. P. 17. The Advisory Committee Notes to Rule 15, Fed. R. Civ. P., which governs amended and supplemental pleadings, also contain a reference to Rule 17(a): "To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated." Advisory Committee Notes, 1966 Amendment, Fed. R. Civ. P. 15.

Suda does not dispute that Nodak Mutual is the real party in interest in this case. Rather, Suda requests that the Court allow the substitution of Nodak Mutual as the named plaintiff. Therefore, the Court must decide whether to permit the substitution of Nodak Mutual or to dismiss the action for failure to substitute the real party in interest within a reasonable time.

Rule 17(a) was designed to serve dual purposes. First, it serves "to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have a proper res judicata effect." Intown Properties Mgmt, Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001) (citation omitted). Second, it is designed to avoid the unjust forfeiture of claims. See Sun Refining & Mktg. Co. v. Goldstein Oil Co., 801 F.2d 343, 345 (8th Cir. 1986). "Although the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party, there plainly should be no dismissal where substitution of the real party in interest is necessary to avoid injustice." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997) (quotation and citations omitted).

District courts should consider certain factors when deciding whether to dismiss an action or to allow substitution of the real party in interest. In particular, district courts should consider whether "the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest')," Esposito v. United States, 368 F.3d 1271, 1276 (10th Cir. 2004), and whether the defendant would be prejudiced by a substitution. Id.; see also Sun Refining & Mktg. Co., 88 F.3d at 569. Furthermore, "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." Advanced Magnetics, 106 F.3d at 20; see also Intown Properties Mgmt.,

5

271 F.3d at 171 ("Those courts that have permitted late amendment under Rule 17 have not exposed defendants to additional liability without notice; they have ordinarily confronted requests to exchange a plaintiff or plaintiffs for another plaintiff or plaintiffs with identical claims.")  Whether a reasonable time has been allowed for substitution of the real party in interest "is a matter of judicial discretion and will depend upon the facts of each case."  6A Charles Alan Wright et al., Federal Practice and Procedure § 1555, at 417 (2d ed. 1990).

 After carefully reviewing the facts and circumstances in this case, the Court concludes that dismissal for failure to prosecute in the name of the real party in interest would be inappropriate.  There is no evidence that Suda engaged in deliberate tactical maneuvering when he brought this action in his own name based on his mistaken belief that his insurance policy had a deductible.  There is no evidence of bad faith on the part of Suda.  The Court finds that Suda's mistake regarding his deductible was an honest one.  Furthermore, Weiler would not be prejudiced if Nodak Mutual were substituted into the action at this time.  Nodak Mutual would simply be stepping into the shoes of Suda, its insured, to seek recovery from Weiler.  The claims and factual allegations involved in the action would not be altered in any way.

 The Court also concludes that Suda has acted within a reasonable time to substitute Nodak Mutual as plaintiff under the facts of this case.  Weiler first raised the real party in interest issue in its answer filed on November 22, 2006, along with a multitude of other defenses.  Because Suda was not automatically expected to file responses to all the other defenses which were raised in the answer, it was reasonable that Suda did not respond specifically to the real party in interest objection before it was raised by motion.  Weiler's counsel conducted a deposition of Suda on September 6, 2007, and gathered information about Suda's insurance policy and the settlement with Simplot.

Weiler filed the instant motion to dismiss on October 12, 2007, and Suda responded a short time later, on October 26, 2007, seeking substitution of Nodak Mutual. Suda certainly responded within a reasonable time after Weiler filed the motion to dismiss, and the Court finds it would be improper to dismiss Suda's claims based on his failure to act in response to Weiler's answer and the January letter from Weiler's counsel.

The substitution of Nodak Mutual at this stage in the proceedings serves both purposes of Rule 17(a). It will protect Weiler from a subsequent action by Nodak Mutual, the real party in interest, and it will avoid the injustice of dismissing the named plaintiff's claims without proceeding to the merits. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (quotation omitted) ("There is a judicial preference for adjudication on the merits.") For all the foregoing reasons, the Court is convinced it should permit the substitution of Nodak Mutual rather than dismiss the action in its entirety.

## DECISION

Weiler's Motion to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest is **DENIED**. The Court hereby **ORDERS** that Nodak Mutual Insurance Company shall be substituted as the named plaintiff in this action, and that Nodak Mutual Insurance Company shall replace William Suda as plaintiff in the caption of this case. It is further **ORDERED** that the proposed Amended Complaint naming Nodak Mutual as the plaintiff shall be promptly filed.

**IT IS SO ORDERED.**

Dated this 13th day of February, 2008.

          <u>  /s/   Ralph R. Erickson         </u>
          Ralph R. Erickson, District Judge
          United States District Court